**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                                         **PLAINTIFF**

**V.**                    **CASE NO. 5:13-CR-50029-TLB-002**

**DANIEL VELAZQUEZ-GRACILIANO**                                               **DEFENDANT**

## OPINION AND ORDER

Currently before the Court is Defendant Daniel Velazquez-Graciliano's Motion for Compassionate Release (Doc. 69). The Court directed the Government to file a response, and the Government did so. (Doc. 71). Mr. Velazquez-Graciliano filed a Reply (Doc. 74). Having reviewed all of these filings, the Court finds that the pending Motion (Doc. 69) should be **DENIED** for the reasons explained below.

## I. BACKGROUND

Mr. Velazquez-Graciliano pleaded guilty on July 9, 2013, to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. 10). The Court sentenced him to a 188-month term of imprisonment with a 3-year term of supervised release, a fine of $7,500, and a $100 special assessment. (Doc. 52). New sentencing guidelines reduced Mr. Velazquez-Graciliano's sentence to 151 months on June 15, 2015. (Doc. 66). Mr. Velazquez-Graciliano is currently incarcerated at Federal Correctional Institute Phoenix with a projected release date of December 23, 2023. *See* Fed. Bureau of Prisons, Inmates, http://www.bop.gov/inmateloc/ (last accessed September 3, 2021). He has served approximately 103 months of his original sentence but now moves for compassionate release under 18 U.S.C. § 3582(c)(1) citing

his hypertension diagnosis. Mr. Velazquez-Graciliano's medical records show that he is 36 years old and does indeed have hypertension.

## II. LEGAL STANDARD

Inmates are permitted to seek sentence reductions directly from the sentencing court under the First Step Act of 2018 ("FSA") "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). Once either threshold requirement is satisfied, the Court may grant a defendant's sentence reduction motion "after considering factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Guidelines ("U.S.S.G.") contains the Sentencing Commission's policy statement which details what constitutes "extraordinary and compelling" reasons under § 3582(c)(1)(A)(i). Under Application Note 1(A)(ii)(I) of § 1B1.13 of the U.S.S.G., the medical condition of the defendant may provide extraordinary and compelling reason for sentence reduction if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes

of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III. DISCUSSION

#### A. Exhaustion of Remedies

The Court's ability to rule on Mr. Velazquez-Graciliano's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the Bureau of Prisons' ("BOP") failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner. 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Velazquez-Graciliano submits proof he requested compassionate release from his Warden on or about July 21, 2020. (Doc. 69, p. 3). The Government concedes that he has exhausted his administrative remedies. Because more than 30 days have lapsed since July 21, 2020, the Court finds that he has satisfied the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A)(i).

#### B. Extraordinary and Compelling Circumstances

Mr. Velazquez-Graciliano's argument for compassionate release relies upon his ongoing diagnosis of hypertension and the degree to which this condition subjects him to increased risk of death or severe disease from COVID-19. Courts have agreed that the risk of COVID-19 infection does not, by itself, qualify as an extraordinary and compelling reason for justifying compassionate release. *United States v. Molley*, 2020 WL 3498482, at *2–3 (W.D. Wash. June 29, 2020) ("That possibility of infection is not the same as the concrete and serious threat that infection poses to at-risk inmates, and it is not an extraordinary and compelling reason to release Molley from prison"). In the Court's view, at this time, the risk to Mr. Velazquez-Graciliano posed by a potential infection is too

speculative to constitute an extraordinary and compelling reason for compassionate release.

Furthermore, the Court concludes that Mr. Velazquez-Graciliano has failed to demonstrate that his medical condition has deteriorated to the point that he is unable to provide self-care within his correctional facility. The Court is convinced that he suffers from hypertension. While this condition is undoubtedly persistent, his medical records also show that he is receiving ongoing treatment for this issue, and there is no indication that his condition independently rises to the level of an extraordinary and compelling basis for a reduction of his sentence.

### C. Section 3553(a) Factors

Even if Mr. Velazquez-Graciliano were able to demonstrate extraordinary and compelling reasons for early release, he is not a suitable candidate considering the Section 3553(a) factors. These factors include "the nature of the circumstances of the offense and his history and characteristics of the defendants" and "the need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, []to provide just punishment for the offense[,] to afford adequate deterrence to criminal conduct[] . . . and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment int he most effective manner[.]" 18 U.S.C. § 3553(a)(1), (2)(A)–(B), & (D). Section 3582(c)(1) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release.

Here, Mr. Velazquez-Graciliano was held responsible approximately 2.5 kilograms of actual methamphetamine, and the Court ultimately found that his total offense level

was a 35. See Doc. 53. While only 29 years old when he was sentenced, he had previously been convicted for conspiracy to commit sales of methamphetamine, which increased his criminal history category to a II. See Doc. 43, p. 8. At that time, a total offense level of 35 and a criminal history category of II corresponded to a Guideline range of 188 to 235 months' imprisonment. Thus, his ultimate sentence was at the bottom of the Guideline range. Moreover, a year after this sentencing, the Court reduced Mr. Velazquez-Graciliano's sentence to 151 months due to a favorable retroactive change in the Guidelines. See Doc. 65. In short, Mr. Velazquez-Graciliano has already received the benefit of a bottom-of-the-Guideline range sentence plus a retroactive reduction.

Furthermore, at this point, it appears that Mr. Velazquez-Graciliano has now served approximately 67% (103 months) of his 151-month sentence of imprisonment. In the Court's view, this amount of time is insufficient to reflect the seriousness of his offensive conduct, to promote respect for the law, and to afford adequate deterrence to those who would seek to engage in similar criminal activities. Additionally, allowing Mr. Velazquez-Graciliano to complete his prison sentence in 102 months would create a significant disparity with other defendants who have been held responsible for similar crimes. In sum, after considering and weighing all of the Section 3553(a) factors, the Court continues to find that a sentence of 151 months is just and fair under the totality of the circumstances.

For these reasons, even assuming Mr. Velazquez-Graciliano has demonstrated extraordinary and compelling medical reasons justifying a reduction of his sentence, the Court finds that Section 3553(a) factors do not justify compassionate release.[1]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Daniel Velazquez-Graciliano's Motion for Compassionate Release (Doc. 69) is **DENIED**.

**IT IS SO ORDERED** on this 8th day of September, 2021.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Mr. Velazquez-Graciliano asks to serve the remainer of his sentence in home confinement, the FSA gives only the BOP—not the Court—the power to decide where Mr. Velazquez-Graciliano serves his sentence. *See* 18 U.S.C. §§ 3621(b) & (c)(4).